# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TRACY ALLISON,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0275** (BOR Appeal No. 2054815)
                    (Claim No. 2016003953)

**THE CITY OF GARY,**
**Employer Below, Respondent**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tracy Allison, by counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The City of Gary, by counsel Jillian L. Moore, filed a timely response.

The issue on appeal is medical treatment. The claims administrator denied a request for physical therapy on March 20, 2019. On November 7, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision to deny the request for physical therapy. This appeal arises from the Board of Review's Order dated March 4, 2020, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, ___, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Ms. Allison suffered a right knee injury on August 3, 2015, when she slipped and fell while exiting a vehicle. An MRI revealed an anterior cruciate ligament ("ACL") tear. She was initially treated by Phillip Branson, M.D., who performed ACL reconstruction surgery with allograft tissue on February 26, 2016. After surgery, Ms. Allison worked on her range of motion while in physical therapy; however, she had difficulty regaining most of her strength. Dr. Branson removed the staple from her right tibia on October 21, 2016, and she once again returned to physical therapy.

Because Ms. Allison continued to experience symptoms, she was referred to Edward McDonough, M.D., with WVU Medicine. Dr. McDonough determined that the primary knee pain was coming from hypersensitivity around the surgical incision. Ms. Allison was considerably lacking in range of motion and strength in the right knee. Dr. McDonough recommended physical therapy to work on desensitization techniques over the proximal tibia. She was fitted for a knee brace for additional support and compression of the knee, and she was told to follow-up on an as-needed basis.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 18, 2017. During the examination, Ms. Allison reported ongoing right knee pain. She had recently completed the physical therapy recommended by Dr. McDonough and had returned to work. Dr. Mukkamala diagnosed sprain of the right knee, status post partial lateral meniscectomy and ACL repair. He concluded that she had reached her maximum degree of medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala found 4% whole person impairment resulting from the compensable injury.

Ms. Allison returned to Dr. McDonough on December 4, 2018, and he submitted a request for additional physical therapy for six to eight weeks. The associated diagnoses were acute pain of the right knee and radicular pain of the right lower extremity. On March 20, 2019,

the claims administrator denied the request for physical therapy. The Order provided multiple reasons for the denial and stated:

> "According to an IME by Dr. Prasadarao Mukkamala, you reached your maximum medical improvement ("MMI") on 4/18/17 with no further treatment necessary. Dr. Bruce Guberman agreed with those findings in his 1/19/18 evaluation. Rule 20 indicates physical therapy after a claimant reached MMI only when there are flare-ups due to job related activities. *See* W. Va. C.S.R. § 85-20-46.7. Dr. McDonough documented on 12/4/18 that you were performing a seated job and had no symptoms while seated. Furthermore, you reported no significant improvement with previous therapy. Finally, the treatment request indicates that the treatment is aimed at treating acute pain of the right knee and radicular pain of the right lower extremity. Dr. McDonough's 12/4/18 treatment note fails to indicate how acute pain in 2018 is related to a 2015 injury, and radicular pain in the right lower extremity is not a compensable condition. For these reasons, the request to authorize physical therapy 2-3 times per week for 6-8 weeks is hereby, denied."

Ms. Allison protested the claims administrator's decision.

Following her protest, Ms. Allison underwent an independent medical evaluation with David Jenkinson, M.D., on April 16, 2019. During the evaluation, she reported that she was currently working in the light duty category for the City of Gary, and she continued to have pain on the medial side of her knee. Ms. Allison complained of numbness of the anterior aspect of her right lower leg and stated that her knee "throbs at night." She also reported that she had fallen several times because of her knee. She was diagnosed with a torn lateral meniscus and a torn ACL in the right knee. Dr. Jenkinson found some degenerative changes in the right knee which were pre-existing and non-injury related. He opined that she required no further treatment for the injury, and he placed her at maximum medical improvement. He found no medical reason that additional therapy would be beneficial.

The Office of Judges issued its decision on November 7, 2019, and found that the evidentiary record failed to establish medical necessity for physical therapy in relation to the 2015 compensable injury. The Office of Judges also found that none of the medical evidence offered by Ms. Allison showed that physical therapy was necessary because of the compensable injury. It was noted that Dr. Jenkinson was of the opinion that it was unlikely that further therapy would be beneficial. Accordingly, the Office of Judges affirmed the March 20, 2019, Order by the claims administrator denying Ms. Allison's request for additional physical therapy. The Board of Review issued an Order dated March 4, 2020, adopting the findings of fact and conclusions of law of the Office of Judges and affirmed the rejection for physical therapy.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. There is simply no evidence that Ms. Allison's acute pain, found by Dr. McDonough in December of 2018, was related to the compensable injury or any of her occupational duties. The record contains no explanation from Dr. McDonough addressing

medical necessity and reasonableness. The medical evidence of record is insufficient to establish that physical therapy is reasonable and necessary in relation to Ms. Allison's compensable injury of August 3, 2015. For the foregoing reasons, the Board of Review's decision is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton